### No. 312

MARY T. BARDONS v. GEORGE C. BARDONS et al

No. 18459. Ohio Supreme Court
Error to Cuyahoga County Appeals
Motion for order to certify, docketed March 21, 1924. 2 Abs. 226

413. DIVORCE AND ALIMONY—Service by publication—Conflict of jurisdiction.

Mrs. Bardons filed her petition in the Cuyahoga Common Pleas March 9, 1921, against her husband, George C. Bardons, for alimony and equitable relief, and following April 4, he answered the petition. Oct. 7, 1921, she filed a supplemental petition, on leave, asking injunction to preserve certain property and to set aside a certain trust which she claimed was entered into by Bardons in default of her martial rights. On April 21, 1922, he filed his answer and cross-petition.

In her petition, Mrs. Bardons set up that she was a resident of Cuyahoga county which was not denied by Bardons. In order to get service by publication on his answer and cross-petition, Bardons made affidavit that his wife was a resident of Pittsburg. This was denied by the wife and the claim arose that the case on his answer could not be heard until summons had been served thereon, as no copy of the petition had been served upon the wife.

The case was tried and heard in the Common Pleas, and after considerable evidence was presented, it was held by the court that she was not entitled to relief under her petition for alimony nor her supplemental petition, and dismissed both of her pleadings. Mrs. Bardons was given a decree for $10,000 subject to the claim of $3,000. This she claimed to be grossly inadequate. The Court of Appeals affirmed the judgment of the Common Pleas.

The question of conflict of jurisdiction was also raised by Bardons, who set up in his answer that, on Feb. 3, 1921, prior to the filing of the petition of his wife in the Common Pleas, he filed in the Cuyahoga Insolvency Court a petition praying for a divorce from his wife upon which summons was served upon her and that such action was then pending and in which she could obtain all the relief asked for by her in the Common Pleas Court. The allegations of this answer were not denied by her. It was therefore claimed that on account of this the Common Pleas did not have

jurisdiction to hear the divorce issue of Feb. 20, 1923, and Bardons' petition for divorce should have been dismissed.

**Attorneys**—Charles O'Brien, Pittsburg, and Zmunt, Mayer & Stephens, for Mrs. Bardons; Payer, Minshall, Winch & Karch, for Mr. Bardons.